MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE

FIFTIETH FLOOR

LOS ANGELES, CALIFORNIA 90071-3426

TELEPHONE (213) 683-9100

FACSIMILE (213) 687-3702

560 MISSION STREET

TWENTY-SEVENTH FLOOR

SAN FRANCISCO, CALIFORNIA 94105-3089

TELEPHONE (415) 512-4000

FACSIMILE (415) 512-4077

1155 F STREET N.W.

SEVENTH FLOOR

WASHINGTON, D.C. 20004-1361

TELEPHONE (202) 220-1100

FACSIMILE (202) 220-2300

July 16, 2019

VIA ECF

The Honorable Jesse M. Furman
United States District Judge
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    *Asylum Seeker Advocacy Project, et al. v. Barr, et al.*,
              No. 19 Civ. 6443 (JMF)

Dear Judge Furman:

      We write on behalf of Plaintiffs in this case, filed on July 11, 2019.  Pursuant to this Court's Rule 2(C), we request an expedited conference, preferably the morning of Thursday, July 18, 2019, to address the Plaintiffs' request to expedite discovery in anticipation of the filing of a motion for a preliminary injunction.  On July 15, we conferred in good faith by telephone and e-mail with counsel for the Defendants but have been unable to reach agreement on the expedited discovery the Plaintiffs seek.  The Government, however, has consented to the scheduling of a conference on Thursday morning and has agreed to file a letter in response to this letter by the end of the day tomorrow.

      Plaintiffs are non-profit organizations that serve immigrant families and children who fled persecution or torture in their home countries, thousands of whom are unrepresented and face imminent deportation based on removal orders issued by Immigration Judges in their absence and without adequate notice to them.  Those immigrants arrived here either with their

MUNGER, TOLLES & OLSON LLP

The Honorable Jesse M. Furman
July 16, 2019
Page 2

families or as unaccompanied children, within the last five years, in order to seek asylum. Department of Homeland Security officials referred each of them for a full removal hearing before an Immigration Judge. But, for reasons beyond their control, they never received such a hearing.

In thousands of these cases, the immigrants' failure to receive a hearing before an Immigration Judge was the fault of the government, not the immigrants, because it failed to provide adequate and effective notice of the date, time, and location of the hearing. In thousands of cases involving families or unaccompanied children who arrived in the summer of 2014 or thereafter, notice was legally deficient for a variety of reasons. For example: no notice was sent; the notice was sent to an incorrect address, specified the wrong hearing date or location, or specified a hearing date that had already passed; the notice purported to require a child to appear at a time and place that was literally impossible for that child; or the notice was given in a language the immigrant could not understand.

When the immigrants, through no fault of their own, failed to appear at these purported hearings on their asylum claims, the judges entered orders authorizing their removal from the United States based on that failure to appear ("*in absentia* removal orders"). Entry of those orders—enforcement of which could result in tens of thousands of immigrants, including small children, being sent back to countries where they face persecution, torture, and even death—was unlawful because it violated both the immigrants' due-process rights and statutory immigration law, their having never received adequate and effective notice. Those families and children are entitled as a matter of law to an opportunity to show an Immigration Judge that their removal orders should be rescinded and their asylum claims considered on the merits. This lawsuit seeks relief from the Court that will assure they received that opportunity.

Under existing agency rule and practice, however, the Government contends it does not need to afford these families and children immigrants any hearing before an Immigration Judge before deporting them. In order to obtain relief from an *in absentia* removal order, each of these thousands of unrepresented immigrants—most of whom do not speak English well and many of whom are unaccompanied children—must, without having access to their immigration files, submit a *written motion to reopen* to establish that their failure to appear should be excused. And the Government claims authority to deport them *immediately*, without providing them access to their immigration files and without the time or resources to file such a motion.

The Trump administration has repeatedly announced in recent weeks that it would seek to arrest and deport thousands of immigrants who are subject to *in absentia* removal orders. Most recently, the administration announced its intention to engage in mass arrests and ensuing deportations on Sunday, July 14, 2019. Although those mass arrests apparently did not occur that day, numerous individuals with *in absentia* removal orders continue to be arrested on a regular basis. We believe the administration still plans to engage in mass arrests and deportations of families and children based on removal orders entered in their absence and without lawful notice, either on a single day or over a period of days.

42488737.1

MUNGER, TOLLES & OLSON LLP

The Honorable Jesse M. Furman
July 16, 2019
Page 3

       Given this situation, Plaintiffs intend to seek a preliminary injunction because of the irreparable harm that they and these families and children face and their urgent need for relief. To provide the Court with an appropriate record, Plaintiffs plan to seek limited, expedited discovery in support of that motion. Specifically, Plaintiffs seek at least the following discovery:

1. Government audits or other reports referencing notice deficiencies in the immigration court system. *See, e.g.*, Dkt. 1 at 11 n.1 (referencing DOJ report on Baltimore's Immigration Court).

2. Any reports, audits, policies, procedures, or trainings regarding the practice of serving notices on children, entering in absentia orders against children, or facilitating the reopening of any such orders.

3. A Rule 30(b)(6) deposition of a personable knowledgeable about the problems surrounding notice for immigration court hearings.

4. Data concerning several limited topics, including but not limited to (a) the number of people arrested pursuant to in absentia removal orders even though they have appeared for their Immigration and Customs Enforcement check-ins; (b) the percentage of motions to reopen filed on behalf of immigrants with in absentia removal orders that are granted by the immigration courts; ; and (c) the number of Notices to Appear in 2017 and 2018 that were not filed with the immigration court for over four months from the date of issuance.

5. Any written policies, documents, or communications concerning alterations in notice practices in response to the Supreme Court's decision in *Pereira v. Sessions*, including but not limited to any communications concerning ICE's and CBP's practice of setting dates and times for hearings without confirming those dates and times with EOIR, or otherwise with knowledge that that no actual hearings would take place on those dates and times. *See Pereira v. Sessions*, 138 S.Ct. 2105 (2018).

6. Any written policies, documents, or communications concerning complaints, reports, or other communication sent to EOIR, USCIS, ICE, or CBP from legal service providers or other non-governmental actors about notice failures or other deficiencies in Notices to Appear, including but not limited to the letter sent by legal services providers to Director of EOIR Juan Osuna and others on February 9, 2015, the letter sent by the NYCLU to Assistant Chief Immigration Judge Robert D. Weisel on February 9, 2015, and the letter sent by Public Counsel to the Department of Homeland Security on May 15, 2015.

7. Any written policies, documents, or other communications concerning the practice of immigration judges requiring the sponsors of unaccompanied children to be present for the child's court hearings.

42488737.1

MUNGER, TOLLES & OLSON LLP

The Honorable Jesse M. Furman
July 16, 2019
Page 4

8. Any written policies, documents, or other communications addressing standard operating procedures for the court entering change of address information, including any documents referencing problems in the implementation of those procedures.

In light of the ongoing and threatened irreparable harm to Plaintiffs and to immigrant families and children, we request a conference this week to discuss our request for expedited discovery. Because Plaintiffs' lead counsel are located in Los Angeles, we respectfully make the unusual request that the Court schedule the conference for Thursday morning. As noted, the government graciously has consented to the conference taking place then and has agreed to file a responsive letter by the end of tomorrow.

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: *Bradley S. Phillips / auth. GFE*
BRADLEY S. PHILLIPS
(*admitted pro hac vice*)
GREGORY D. PHILLIPS (*admitted pro hac vice*)
ROBERT L. DELL ANGELO (*admitted pro hac vice*)
MELINDA E. LEMOINE
SKYLAR BROOKS (*admitted pro hac vice*)
GINA F. ELLIOTT (*admitted pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA  90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702
Email:    brad.phillips@mto.com
    gregory.phillips@mto.com
    robert.dellangelo@mto.com
    melinda.lemoine@mto.com
    skylar.brooks@mto.com
    gina.elliott@mto.com

42488737.1

The Honorable Jesse M. Furman
July 16, 2019
Page 5

                AHILAN T. ARULANANTHAM*
                ACLU FOUNDATION OF SOUTHERN CALIFORNIA
                1313 West 8th Street
                Los Angeles, CA 90017
                Telephone:  (213) 977-5211
                Facsimile:   (213) 977-5297
                Email:        *aarulanantham@aclusocal.org*

                CHRISTOPHER DUNN
                AMY BELSHER
                ROBERT HODGSON
                NEW YORK CIVIL LIBERTIES UNION FOUNDATION
                125 Broad Street—19th Floor
                New York, New York 10004
                Telephone:  (212) 607-3300
                Facsimile:   (212) 607-3318
                Email:        *cdunn@nyclu.org*

                *Counsel for Plaintiffs*

                * *Application for Pro Hac Vice forthcoming*

## CERTIFICATE OF SERVICE

I, BRADLEY S. PHILLIPS, hereby certify that on *July 16, 2019*, I caused to be electronically filed a LETTER MOTION with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system which shall send electronic notification to all counsel of record.

                                          */s/ Bradley S. Phillips*
                                          BRADLEY S. PHILLIPS