UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ASYLUM SEEKER ADVOCACY PROJECT et al.,                                  :
                                                                        :
                           Plaintiffs,                  :         19-CV-6443 (JMF)
                                                                        :
           -v-                                                          :         <u>MEMORANDUM OPINION</u>
                                                                        :                <u>AND ORDER</u>
WILLIAM BARR et al.,                                                    :
                                                                        :
                           Defendants.                  :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Rule 5.2(c) of the Federal Rules of Civil Procedure provides that, "[u]nless the court orders otherwise," limitations on remote electronic access apply to actions or proceedings that "relat[e] to an order of removal, to relief from removal, or to immigration benefits or detention." Because Plaintiffs in this case selected "Other Immigration Actions" as the nature of suit on their civil cover sheet, those limitations currently apply. *See* Docket No. 2.

      In the Court's view, those limitations are unwarranted and inappropriate in this case for at least two reasons. First, given the nature of this case — namely, that it does not involve an individual order of removal or relate to the immigration benefits or detention of an individual — it is less likely to involve the sort of "sensitive information" that prompted the adoption of Rule 5.2(c). *See* Fed. R. Civ. P. 5.2 advisory committee notes. And to the extent that filings in the case do include sensitive information, the usual tools at the Court's disposal — including redaction and sealing — should suffice. Second, given the nature of (and public interest in) the case, there is a particularly strong interest in promoting readily available public access to the

record.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

For these reasons, the Clerk of Court is directed to change the nature of suit code to No. 890, "Other Statutory Actions," thereby lifting the limitations on remote electronic access to the docket imposed by Rule 5.2(c).

SO ORDERED.

Dated: July 17, 2019
       New York, New York

                                    JESSE M. FURMAN
                              United States District Judge