

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

July 17, 2019

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Asylum Seeker Advocacy Project v. Barr*, 19-cv-6443 (JMF)

Dear Judge Furman:

This Office represents the defendants in the above-referenced action. We write respectfully to oppose the plaintiffs' request for expedited discovery. Expedited discovery at this stage is premature and unnecessary, and would be unduly burdensome. The plaintiffs make this request less than one week after filing the case, and before the defendants have had a chance to respond to the complaint. As discussed below, this Court lacks subject matter jurisdiction over the plaintiffs' claims, and resolution of those jurisdictional issues will not require factual development beyond the complaint and information that the defendants will submit in support of their anticipated motion to dismiss. In addition, as explained below, the discovery that the plaintiffs seek would be unduly burdensome. Accordingly, the plaintiffs' request for expedited discovery should be denied.

## I.       Procedural History

The plaintiffs are four non-profit organizations that purport to serve "immigrant families and children who fled persecution or torture in their home countries." ECF No. 1 ¶ 1. They filed their Complaint on July 11, 2019, alleging that many *in absentia* removal orders were issued against aliens in violation of due process based on, *inter alia*, alleged lack of notice. The organizational plaintiffs seek declaratory and injunctive relief staying the removal of "all currently unrepresented families and children who were ordered removed *in absentia* on or after May 1, 2014," affording all such individuals with automatic hearings before an immigration judge "to determine whether their removal order should be rescinded," and also affording all such individuals access to their A-files and Records of Proceedings in advance of such hearings. *Id.* (Prayer for Relief).

On July 16, 2019, the plaintiffs filed a request for a conference to discuss their request to seek "limited, expedited discovery" in support of their anticipated motion for a preliminary injunction. ECF No. 26. They set forth a list of items upon which they seek expedited discovery. *Id.*

The Honorable Jesse M. Furman
July 17, 2019
Page 2

## II.        The Standard for Expedited Discovery

Expedited discovery generally should be available only by motion, and it is disfavored and available only after a showing of good cause.  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) [except in certain circumstances not relevant here] or by court order."  Fed. R. Civ. P. 26(d)(1).  Courts in this district have applied a "flexible 'good cause' test" to determine when expedited discovery is appropriate.  *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (collecting cases).[1]  Generally, the "good cause" test requires something more than a plaintiff's desire to quickly prove up the allegations put forward in a complaint.  A more specific reason, such as fears of spoliation or difficulties identifying defendants, is needed for an exception to the normal course of litigation.  *See, e.g.*, *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (finding good cause for expedited discovery where record demonstrated possible witness tampering); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012) (granting expedited discovery where it was impossible to identify the proper copyright-defendant without subpoenaing internet provider).  Plaintiffs cannot show good cause here.

## III.        Defendants' Jurisdictional Challenges Should Be Resolved Before Discovery

As a threshold matter, the plaintiffs' request for expedited discovery should be denied because this Court lacks subject matter jurisdiction over the plaintiffs' claims pursuant to the provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and the plaintiffs lack standing.  In particular, the jurisdiction stripping and channeling provisions of the INA, including sections 1252(a)(5), (b)(9), and (g), deprive this Court of jurisdiction over the challenges asserted in the complaint and prevent this Court from granting the plaintiffs the relief they seek.  Section 1252(b)(9) is the "unmistakable 'zipper' clause" that "channels judicial review of all [claims arising from removal proceedings]" to a court of appeals in the first instance.  *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482-83 (1999) ("AADC").  Section 1252(a)(5), in turn, provides for exclusive jurisdiction in the court of appeals.  And by its plain terms, section 1252(g) eliminates district court jurisdiction over claims attacking decisions or actions to execute removal orders.  Congress spoke clearly, emphatically, and repeatedly, providing that "no court" has jurisdiction over "any cause or claim" arising from the execution of removal orders, "notwithstanding any other provision of law," whether "statutory or nonstatutory."  8 U.S.C. § 1252(g).  Further, the Second Circuit has held that the REAL ID Act divests district courts of jurisdiction to review even indirect challenges to removal orders, *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011), and only when the action is "unrelated to any removal action or proceeding" is it within the district court's jurisdiction, *Ruiz v. Mukasey*, 552 F.3d 269, 274 n.3 (2d Cir. 2009).  *Accord Singh v. USCIS*, 878 F.3d 441 (2d Cir. 2018).

---

[1] Some courts in this district have applied the four-part test set out in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), to evaluate requests for expedited discovery.  *See, e.g.*, *Irish Lesbian and Gay Organization v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996).  This test aligns closely with the test for a preliminary injunction.

The Honorable Jesse M. Furman
July 17, 2019
Page 3

Further aside from the above provisions, section 1252(f)(1) also deprives this Court of jurisdiction to grant class-wide injunctive relief, except with respect to an individual alien.[2]  *See AADC*, 525 U.S. at 481-82 ("[Subsection 1252(f)(1)] prohibits federal courts from granting classwide injunctive relief against the operation of §§ 1221-1231, but . . . this ban does not extend to individual cases.").  Notably, no plaintiff in this action is an individual.

Moreover, in analogous circumstances, the Supreme Court ruled that an order issued by a district court requiring the government to supplement the factual record should be stayed pending a challenge to the district court's jurisdiction under the INA.  *See In re United States, et al.*, 138 S. Ct. 443 (2017).  In that case, the district court ordered the government to produce a complete administrative record regarding the government's decision to rescind the Deferred Action for Childhood Arrivals ("DACA") program.  However, the government raised a "threshold argument . . . that the Immigration and Nationality Act deprives the District Court of jurisdiction."  The Supreme Court reasoned that "[this] argument[], if accepted, likely would eliminate the need for the District Court to examine a complete administrative record." *Id.* at 445.  Accordingly, the Supreme Court ruled that the discovery order should have been stayed. *Id.*  So too here.  If the Court accepts the defendants' arguments that the INA deprives it of jurisdiction, then the discovery sought by plaintiffs will be unnecessary.  The Court therefore should defer any discovery until the jurisdictional question is resolved.

Additionally, aside from the above jurisdictional arguments, the organizational plaintiffs lack standing to maintain this action.  Because the plaintiffs are entities and do not appear to have members who are injured by the conduct alleged in the complaint, they can satisfy Article III's standing requirement only under a theory of "organizational standing," *i.e.*, they must "meet the same standing test that applies to individuals by showing an actual or threatened injury in fact that is fairly traceable to the alleged illegal action and likely to be redressed by a favorable court decision."  *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 649 (2d Cir. 1998) (alterations and internal quotation marks omitted).  While an entity can satisfy the injury-in-fact requirement if it can show that the defendants' conduct "perceptibl[y] impair[s]" its ability to provide services, *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 110 (2d Cir. 2017), injury-in-fact may not be based on an entity's "mere interest in a problem, no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem," *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972).  To the extent that the plaintiffs' allegations assert harm to their advocacy interests and are not distinct from their activities in support of their general mission, the plaintiffs lack standing under *Sierra Club*.  Nor can the plaintiffs meet the traceability or redressability requirements—for example, their proposed remedy of staying all removals and requiring automatic hearings to consider whether an *in absentia* removal order should be rescinded would not prevent them from having to expend resources on educating aliens or representing them in removal proceedings.

---

[2] Section 1252(f)(1) provides: "Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [sections 1221-1232], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated."

The Honorable Jesse M. Furman
July 17, 2019
Page 4

Given the recency of this action, the defendants have not had an opportunity to put these arguments before the Court in a motion to dismiss, but anticipate doing so soon. Because the plaintiffs' expedited discovery requests have no meaningful bearing on the defendants' anticipated jurisdictional arguments, the Court can adjudicate the jurisdictional questions presented by this case without any further factual development. As such, plaintiffs cannot show "good cause" for expedited discovery until, at a minimum, this Court's jurisdiction has been established. *Ayyash*, 233 F.R.D. at 327; *see also Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), ECF No. 70 (Order) (S.D.N.Y. Mar. 26, 2018) (denying plaintiffs' request for leave to conduct expedited discovery in support of preliminary injunction motion, relying on *In re United States* and stating that the plaintiffs' request for discovery "would result in the Court similarly putting the cart before the horse," because the government had argued that the court lacked subject matter jurisdiction).

## IV.     Plaintiffs Have Not Shown Good Cause to Permit Expedited Discovery

The plaintiffs' letter fails to set forth the standard for obtaining expedited discovery, and fails to articulate "good cause" for their request to conduct premature, overly broad discovery. Their request appears to be an effort to obtain certain information in advance of filing a motion for a preliminary injunction to "provide the Court with an appropriate record." ECF No. 26 at 3. This effort to obtain evidence to support the claims in their complaint does not constitute "good cause" to allow expedited discovery. *See generally Utt v. Bristol-Meyers Squibb Co.*, 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017); *cf. Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it."). Further, in the event that a motion for a preliminary injunction is filed, the defendants anticipate filing declarations and evidence in opposition to such a motion, which will provide an adequate basis upon which this Court can resolve that motion.

## V.     Plaintiffs' Discovery Requests Are Unduly Burdensome

Finally, although the plaintiffs purport to request leave to conduct "limited," expedited discovery, their requests are quite broad and would impose substantial burden on the defendants. As an initial matter, many of the requests are overly broad, often seeking "any written policies, documents, or communications" with respect to a number of different topics, and without any temporal limitation noted. These requests are not narrowly tailored and potentially would require the agencies to conduct burdensome and time-consuming electronic searches. Moreover, several of the requests for data or information involve information that is not amenable to electronic search or electronically searchable fields and would require manual searches and manual case reviews, which would present a substantial and undue burden on the agencies; to the extent that the plaintiffs are seeking new statistical data (such as grant rates of certain motions to reopen filed), some requests may also entail computation. Further, several of the plaintiffs' proposed requests are not within the scope of their claims (*e.g.*, paragraph 7). In addition, several of the requests—especially those seeking "any written policies, documents, or

The Honorable Jesse M. Furman
July 17, 2019
Page 5

communications"—are likely to involve privileged material and would require thorough review for which expedited discovery is unreasonable.

In addition, the plaintiffs have not provided a specific justification for their proposed Rule 30(b)(6) deposition beyond their desire to provide the Court with "an appropriate record" for their motion for a preliminary injunction. ECF No. 26 at 3. As noted above, in the event that the plaintiffs file a motion for a preliminary injunction, the government anticipates that it would submit declarations and evidence sufficient to provide the Court with an adequate record to rule on such motion (to the extent that the Court determines that it has subject matter jurisdiction over this action), and thus a Rule 30(b)(6) deposition at this early stage of the litigation is premature and not appropriate.

\* \* \*

For these reasons, the Court should deny the plaintiffs' request for expedited discovery.

We thank the Court for its consideration of this submission.

Respectfully,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:      /s/ *Brandon M. Waterman*
         BRANDON M. WATERMAN
         Assistant United States Attorney
         86 Chambers Street, Third Floor
         New York, New York 10007
         Tel.    (212) 637-2741

cc:      Counsel of Record (by ECF)